JOHN CONLEY, Appellant, *v.* GEORGE W. CHEDIC, Respondent.

Tax Sales of Personal Property — Injunction. Where a complaint to restrain a county assessor from selling certain personal property for taxes alleged that he would sell unless restrained, and thereby damage plaintiff in a certain amount of money: *Held*, that as the amount of damages was exactly stated and there was no showing that a judgment therefor could not be collected, there was no case for a restraining order, injunction or other equitable relief.

Judgment Correct though Reason Wrong. If a judgment be right, though decided upon a wrong ground, it will not be disturbed by the Supreme Court.

Equity Jurisdiction — Remedy at Law. Equity will not take jurisdiction where there is a full, complete and adequate remedy at law; that is, where the wrong complained of may be fully compensated in damages which can easily be ascertained, and it is not shown that a judgment at law cannot be satisfied by execution.

Appeal from the District Court of the Second Judicial District, Ormsby County.

It appears that the wood and timber referred to in the opinion were cut in Alpine County, California, and were then put into the

Carson river for the purpose of being "driven" to market in this State. Having come first into the County of Douglas, they were there assessed, and the taxes paid, the assessor refusing to allow them to pass beyond that county until such payment. They then were driven to Ormsby County, where they were again assessed, and the owner refused to pay.

*T. W. W. Davies*, for Appellant.

I.   Taxes are due and payable in the county where the property is first assessed; and if the property, after it has been assessed, be removed into another county and there assessed, the first assessment is unaffected thereby and the payment of the latter assessment is not a discharge of the former. (Stats. of 1864–5, 275, Sec. 6; *People* v. *Holladay*, 25 Cal. 307.)

II.   The State tax having been levied and collected in Douglas County, *that* tax could not be again collected in another county. (10 Vermont, 506; 8 Black. 335; *Hardenburgh* v. *Kidd*, 10 Cal. 402.)

III.   As matter of equity and good conscience, the tax on wood driven down the Carson river ought to be collected in Douglas County, as the valuable lands along the river in that county are more or less injured every season by the overflows and deposits occasioned by these drives.

*Thomas Wells*, for Respondent.

If the property, when assessed in Douglas County, was merely *in transitu*, and the findings are that it was, then it was illegally assessed in that county.   (Stats. 1864–5, 274, Secs. 5, 6.)

By the Court, LEWIS, C. J.:

A restraining order was granted in this case upon a complaint setting out that the State and County taxes for the year 1870 on certain wood and timber belonging to plaintiff had been regularly assessed and paid in the County of Douglas, and that the defendant, who is the assessor of the County of Ormsby, subsequently assessed the property in the latter county for the taxes of the same

year; and the plaintiff having refused to pay the same, defendant advertised the property for sale for the payment thereof. It is also alleged that if not restrained he will sell it, and thereby damage the plaintiff in the sum of three hundred and sixty-four dollars and sixty cents. The pleading concludes with a prayer for a preliminary restraining order, and that it be made perpetual upon the hearing. The trial resulted in a judgment dismissing the action, from which plaintiff appeals.

The judgment is undoubtedly right, not upon the ground taken by the Judge below—namely, that the assessment in Douglas County was illegal and void—but for the reason that the complaint does not make out a case for a restraining order, injunction, or other equitable relief.

Equity will not take jurisdiction or interpose its powers when there is a full, complete and adequate remedy in the ordinary course of law; that is, when the wrong complained of may be fully compensated in damages, which can easily be ascertained, and it is not shown that a judgment at law cannot be satisfied by execution. (See *Sherman* v. *Clark*, 4 Nev. 138.) In this case, the damages from the apprehended injury are exactly stated in dollars and cents, and there is no showing that if a judgment were recovered for the same it could not be collected. The remedy in the ordinary course of law is shown by the complaint itself to be complete and adequate: hence this proceeding was properly dismissed.

Judgment affirmed.