JOHN C. LYNCH, Respondent, v. ELIZA LAWSON, Appellant.

In Ejectment on Prior Possession, such Possession must be Shown. In case of a judgment in ejectment for plaintiff, where he relies upon prior possession alone, if the testimony fails to show any act of possession such judgment will be reversed.

APPEAL from the District Court of the Seventh Judicial District, Lincoln County.

This was an action of ejectment to recover possession of the easterly sixteen inches of lot eleven in block one of McCannon's survey of the town of Pioche, in Lincoln County, and $500 damages for alleged unlawful detention. Plaintiff relied upon prior possession. The testimony tended to show that there had been several surveys; that the first might have been made by measuring on the uneven surface of the ground; that the last was on a horizontal plane; and that the sixteen inches in controversy might, according to the first survey, have been a portion of lot twelve belonging to defendant, and not a portion of lot eleven according to the last survey. There was no testimony showing any particular possession of the land in controversy on the part of the plaintiff.

To the testimony of the surveyors as to the surveys and maps, defendant objected on various grounds, and among others that they were not official. The objections were overruled. There was a verdict and judgment in favor of plaintiff for restitution of the premises sued for and one

dollar damages. A motion for a new trial having been overruled, defendant appealed from the judgment and order.

*Pitzer & Corson* and *A. B. Hunt*, for Appellant.

The verdict is not supported by any evidence. No proof of any title from paramount source was given, of any description. No proof of actual prior possession of the sixteen inches in controversy was given. The testimony of Surveyors Wandell and Mason, both of whom were plaintiff's witnesses, fails to establish that defendant's building was on any portion of lot eleven, but conclusively proves that it was not on said lot and not within several feet of the east line of said lot. Hence there is no evidence to sustain the verdict. The defendant being in the actual possession of the ground on which her building stood was *prima facie* the owner. The verdict of the jury giving to plaintiff the sixteen inches on which a portion of said house stood was, according to the testimony of the surveyors who were plaintiff's witnesses, not controverted by any other witnesses, was clearly against evidence and law, and ought not to stand.

*Wm. W. Bishop*, for Respondent.

No brief on file.

By the Court, WHITMAN, C. J.:

Respondent claimed under no strict title, and never had any such possession as would warrant recovery even as against a respasser. The law in this State is well settled and needs no iteration upon this point. *Robinson* v. *The Imperial Silver Mining Company*, 5 Nev. 44.

Again, the evidence of the surveyors (conceding for this decision that it was properly admitted) shows, if it shows any thing, that appellant is within the lines of her own lot as originally run, and no authority appears for a change. The judgment and order denying a new trial are reversed and cause remanded.