[No. 1403.]

WILLIAM WIGGINS AND JAMES WIGGINS, RELATORS, v. CHARLES HENDERSON, JUSTICE OF THE PEACE OF EMPIRE TOWNSHIP, IN ORMSBY COUNTY, NEVADA, RESPONDENT.

1—APPEAL—JUSTICE COURT—CERTIORARI.—No appeal to the district court lies from a judgment by default rendered in a justice court, there being no issue of law or fact to be tried upon such appeal, and where in such case the justice court has exceeded its jurisdiction, *certiorari* is the proper remedy.

2—FINE UPON SEVERAL JOINT DEFENDANTS.—But one fine can be imposed on all persons jointly proceeded against under the statute entitled "An act to secure persons and animals from danger arising from mining and other excavations." (Gen. Stats. 290, *et seq.*)

3—NOTICE TO PARTIES PROCEEDED AGAINST—JURISDICTION OF PERSON.—The notice under said statute must state that the person or persons proceeded against are the owners, or in possession, of the unguarded well or excavation, in order to give a justice court jurisdiction of the person.

ORIGINAL PROCEEDING. Application for writ of *certiorari*.

The facts are sufficiently stated in the opinion.

*H. F. Bartine*, for Relator:

The judgment, being by default, no issue of any kind was ever made in the justice court, and there would be absolutely nothing to try on appeal. In such case no appeal lies. (*Paul v. Armstrong*, 1 Nev. 82; *Martin v. District Court*, 13 Nev. 85.)

To exclude the remedy of *certiorari* there must be some-

thing more than a mere technical right of appeal. The appeal must be a full and complete remedy, which in this case it would not be, for petitioners could secure no costs on appeal. (*Paul* v. *Armstrong, supra*; Wood on Mandamus, etc., p. 208, *et seq.*; *Memphis & Charleston R. R.* v. *B.*, 11 La. 468; *G. S. R. R. Co.* v. *Christian*, 82 Ala. 307.)

That there is no appeal from a judgment by default in a justice court where no issue has been made is *stare decisis* in this court, and that *certiorari* is the proper remedy in such cases, where there has been an excess of jurisdiction, is also the established rule in this court. (*Martin* v. *District Court*, 13 Nev. 85.)

That the justice exceeded his jurisdiction is scarcely open to discussion. The notice was insufficient to give the court jurisdiction for any purpose. There was in fact no notice to either defendant. The paper served was merely the order of the justice addressed to the officer. The statute requires both an order to the officer and a notice from the officer to the party. These defendants were not bound to take any notice of an order addressed to "the sheriff or any constable of said county." It is the notice of the officer, signed by him, which they were bound to obey, and no such notice was ever served.

This was a special proceeding in a court of limited jurisdiction, and every provision of the statute must be strictly followed. (Gen. Stats., sec. 295.)

But no matter what the character of the notice, the justice had no jurisdiction to render judgment without taking testimony. The statute provides that all proceedings under the notice shall be as provided by law in *civil cases.* (Gen. Stats., 293.)

There is but one class of cases in which a justice has the power to render a judgment without hearing testimony. That is when a copy of the account, note, etc., is filed at the time the summons was issued. (Gen. Stats., 3572.) In all other cases he must hear the evidence.

A justice of the peace takes no powers by implication. He must strictly pursue his authority step by step or his action is *coram non judice* and void. (*Paul* v. *Armstrong*, 1 Nev. 100; *Victor Mining Co.* v. *Justice Court*, 18 Nev. 21.)

In the proceeding, before a valid judgment could be rendered, three things must be proved: First, the residence

within the county of the party filing the notice; second, that there is an open and dangerous excavation, and, third, that the party charged is the owner or in possession of it. When these facts are proved judgment may then be rendered for the amount specified in the notice.

If the notice was sufficient for any purpose it cannot possibly sustain the judgment actually rendered. The defendants are simply informed that if they fail to appear judgment will be rendered against them for $10 and costs, but the judgment is for $10, costs amounting to $11 more and *two separate fines of $75 each.*

The provision for a fine is clearly criminal in its nature and proceedings, for its imposition must be according to the rules and principles of the common law. There can be no judgment by default in a criminal case. (1 Bish. Crim. Procd., secs. 267, 268; Gen. Stats., secs. 4476–4480.)

There can be no judgment entered in the absence of the defendant even after there has been a regular trial or a plea of guilty, and in no case can judgment be rendered in less than six hours after plea or verdict of guilty. (Gen. Stats., secs. 4498, 4509.)

A very slight knowledge of legal principles would have saved the justice from so egregious an error.

It is impossible to enforce a civil obligation and convict a defendant of crime in the same action, because the rules of practice are essentially different.

*Alexander J. McGowan,* for Respondent:

(No brief on file.)

By the Court, MURPHY, C. J.:

On the 2d day of March, 1894, the following notice was filed with the justice of the peace of Empire township, in the county of Ormsby, State of Nevada: " Carson City, Ormsby county, Nevada, March 1, 1894. I hereby certify that there is a well, not surrounded by a fence, or otherwise secured, in Empire township, Ormsby county, Nevada; said well being located near the slaughter house owned by, or in the possession of, James and William Wiggins; said well being dangerous to persons and animals; and that the cost of fencing or otherwise securing the same against any avoidable

accident would be about five dollars.  Joseph Langevin."
Said notice appears to have been filed under the provisions
of an act of the legislature to secure persons and animals
from danger arising from mining and other excavations
(Gen. Stats., sec. 290, *et seq.*), which reads as follows:  " Sec-
tion 1. Any person or persons, company or corporation, who
shall hereafter dig, sink or excavate, or cause the same to be
done, or being the owner or owners, or in the possession,
under any lease or contract of any shaft, excavation or hole,
whether used for mining or otherwise, or whether dug, sunk
or excavated, for the purpose of mining, to obtain water, or
for any other purpose, within this state, shall, during the
time they may be employed in digging, sinking or excavating,
or after they have ceased work upon or abandoned the same,
erect or cause to be erected, good and substantial fences, or
other safeguards, and keep the same in good repair, around
such works or shafts, sufficient to securely guard against
danger to persons and animals, from falling into such shafts
or excavations.

" Sec. 2. Any person being a resident of the county and
knowing, or having reason to believe, that the provisions of
section one of this act are being or have been violated within
such county, may file a notice with any justice of the peace
or police judge therein, which notice shall be in writing, and
shall state:  First, the location, as near as may be, of the
hole, excavation or shaft; second, that the same is dangerous
to persons or animals, and has been left, or is being worked
contrary to the provisions of this act; third, the name of the
person or persons, company or corporation, who is or are the
owners of the same, if known or if unknown, the persons
who were known to be employed therein; fourth, if aban-
doned, and no claimant; and fifth, the estimate cost of fencing
or otherwise securing the same against any avoidable
accident.

" Sec. 3. Upon the filing of the notice, as provided for in
the preceding section, the justice of the peace, or judge of the
police court, shall issue an order, directed to the sheriff of the
county, or to any constable or city marshal therein, directing
such officer to serve a notice, in manner and form as is pre-
scribed by law for the service of summons upon any person
or persons, or the authorized agent or agents, of any company

or corporation named in the notice on file, as provided in section 2 of this act."

Section 4 provides that the notice shall require the persons to appear before the justice or judge issuing the same, at a time stated therein, not more than ten nor less than three days from the service of said notice, and show to the satisfaction of the court that the provisions of the act have been complied with, and shall notify them that if they fail to appear judgment will be entered against him or them for double the amount stated in the notice on file. All proceedings had therein are to be as prescribed by law in civil cases. It also provides that such persons, in addition to any judgment that may be rendered against them, shall be liable and subject to a fine not exceeding the sum of $100 for each and every violation of the provision of the act, which judgment and fine shall be adjudged and collected as provided by law.

Upon filing the notice an order was issued and served upon the defendants, citing them to appear March 10, 1894, and show to the satisfaction of the court that the well had been secured, and further notified them that " if they failed to appear and answer, judgment will be taken against them for double said amount, together with costs and damages." They did not appear, and thereupon the justice made the following entry in his docket: "And now, on this 10th day of March, A. D. 1894, at 10 o'clock A. M., the court convened, and having given the above defendants one hour longer to appear and answer, they, the above defendants, failed to appear. It is the judgment of this court, after due deliberation, that the above defendants pay to the above plaintiff the sum of $10 and costs of suit and accruing costs, and that each of the above-named defendants shall be fined in the sum of $75, United States gold coin, for violating the provisions of an act entitled 'An act to secure persons and animals from danger arising from mining and other excavations,' approved February 8, 1866."

Execution was issued on the above entry, and placed in the hands of a constable for its enforcement. Under this state of facts the defendants applied for a writ of *certiorari*, charging that said entry and judgment are void for the want of jurisdiction. The respondent has demurred to the petition for the writ upon the ground that the petitioners have a

plain, speedy, and adequate remedy at law, by appeal to the district court. The usual mode of reviewing judgments rendered by a justice's court is by appeal, but the judgment in this case was entered upon the default of the relators; therefore there could be no issue of law or fact to try on appeal to the district court, and under such circumstances an appeal will not lie from a judgment of the justice's court to the district court. (*Paul* v. *Armstrong*, 1 Nev. 96; *Martin* v. *District Court*, 13 Nev. 90.)

The very foundation of a proceeding under this statute is the filing of a notice with the justice, stating that the defendants are the owners of, or in possession of, an excavation, which, in its then unsecured condition, is dangerous to persons or animals. The notice filed in this matter wholly fails in this respect. The statement that the well was located near the slaughter house owned by defendants is very far from alleging the important fact of ownership in them of the well itself. Nowhere throughout the case does it appear that this fact was ever, either by allegation or proof, shown to the justice, and without it we are of the opinion that he never acquired jurisdiction of the case.

Under the statute the proceeding is to be against the person or firm owning or in possession of the excavation. If there is more than one of them, they are to be proceeded against jointly. Judgment may be rendered against them for double the cost of securing the dangerous place, and, in addition, "such persons" may be subjected to a fine not exceeding $100.

No matter how many are proceeded against, there can be but one judgment and one fine, which must not exceed the amount stated.

For these reasons, waiving all questions of procedure in the case, we think that the justice also exceeded his jurisdiction when he entered a fine of $75 against each of the defendants.

We find nothing in the return of the justice to this writ that would or could justify him in entering judgment against the relators and in favor of the state.

It is therefore ordered that the proceedings had in the justice court of Empire township on the 10th day of March, 1894, wherein the State of Nevada is named as plaintiff and

these relators as defendants, be, and the same are, declared void, and the same are hereby set aside, and that relators do have judgment for their costs.