[No. 1692.]

ABRAHAM CHAPMAN, PETITIONER, *v.* THE JUSTICE COURT OF TONOPAH · TOWNSHIP, COUNTY OF NYE, STATE OF NEVADA, AND HON. J. P. BRISSELL, THE JUSTICE OF THE PEACE PRESIDING IN SAID COURT, RESPONDENTS.

1. CRIMINAL LAW—CERTIORARI—EXISTENCE OF REMEDY BY APPEAL. Comp. Laws, 3531, provides that *certiorari* may be granted in all cases where an inferior tribunal or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal or officer, and there is no appeal, nor any plain, speedy, and adequate remedy, Comp. Laws, 2528, 4644, in substance provide that in any criminal action defendant may appeal from any judgment of a justice of the peace to the district court. *Held*, that *certiorari* does not lie from the supreme court to review a conviction before a justice on the ground that the statute authorizing the conviction is unconstitutional, since the constitutional question may be raised before the justice and an appeal taken from any judgment rendered by him.

2. SAME—SCOPE OF REMEDY. *Certiorari* will lie from the supreme court to review a judgment by the district court rendered on an appeal from a conviction before a justice of the peace, though it is claimed that the district court as well as the justice court has no jurisdiction.

3. SAME—RIGHT OF REVIEW—WAIVER. After the issuance by the supreme court of a writ of *certiorari*, it was not too late to question the jurisdiction of the court to proceed under it, the motion to quash and dismiss the writ having been made at the first opportunity at the hearing, and argued before the argument upon the merits, and especially in view of the fact that the writ was issued without a hearing, on the understanding that opposing counsel reserved the right to question the appropriateness of the remedy upon the hearing on the return of the writ.

4. SAME—REMEDY BY APPEAL—LAPSE OF TIME FOR APPEAL. Comp. Laws, 3531, provides that *certiorari* may be granted in all cases where an inferior tribunal or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal or officer, and there is no appeal, nor any plain, speedy, and adequate remedy. *Held*, that *certiorari* will not lie in a criminal case merely because the time for taking an appeal has been suffered to elapse.

FITZGERALD, C. J., dissenting.

ORIGINAL PROCEEDING.    *Certiorari* by Abraham Chapman
to review his conviction of a misdemeanor before the Justice
Court of Tonopah Township, Nye County, State of Nevada.
**Writ dismissed.**    Petition for rehearing.    **Denied.**

The facts sufficiently appear in the opinion.

*A. R. Needles* and *E. P. Moran*, for Petitioner.

*James G. Sweeney*, Attorney-General, and *W. B. Pittman*,
District Attorney of Nye County, for Respondents:

I.    The writ of *certiorari* is not the proper remedy in this
cause, for the reason that petitioner has a plain, complete,
speedy, and adequate remedy by an appeal to the District
Court in and for Nye County.    Section 3531 of Compiled
Laws provides that "The writ shall be granted in all cases
when an inferior tribunal, officer, or board exercising judicial
functions has exceeded the jurisdiction of such tribunal,
board, or officer, and there is no appeal, nor, in the judgment
of the court, any plain, speedy, and adequate remedy."

II.    The writ of *certiorari* lies only in those cases in which
in the exercise of judicial functions an excess of jurisdiction
has occurred, and in which "there is no appeal," etc.    Unless
the case be brought within both these conditions, the writ
must be dismissed.    (*Connery* v. *Swift*, 9 Nev. 39; *Bennett* v.
*Wallace*, 43 Cal. 25; *Miliken* v. *Huber*, 21 Cal. 166; *Faust* v.
*Mason*, 47 Cal. 7; *Tucker* v. *San Francisco County and City
Justice Court*, 120 Cal. 512; *Nevada Central R. Co.* v. *District
Court*, 21 Nev. 409; *People* v. *County Judge*, 40 Cal. 479;
*Newman* v. *Superior Court*, 62 Cal. 545; *Cereghino* v. *Finichio*,
54 Cal. 603; *McCue* v. *Superior Court*, 71 Cal. 545; *Weill* v.
*Light*, 98 Cal. 193; *Lewis* v. *Gilbert*, 5 Wash. 534; *Seattle
and M. R. Co.* v. *State*, 5 Wash. 807; *Slavonic Illyric Mut.
Ben. Assn.* v. *Superior Court of Santa Clara County*, 4 Pac.
500; *In re Stuttmeister*, 71 Cal. 322.)    The test by which to
judge of defendant's right to the writ of *certiorari* is not
whether he has a right to appeal to the supreme court of the
state, but whether or not he has a right of appeal from the
inferior court to any superior court.    Section 4644 of the
Compiled Laws provides that the defendant may appeal to

the district court of the county from any judgment rendered in the justice court or other inferior tribunal in a criminal action; and that the action in the appellate or district court shall be tried *de novo.* Defendant could there raise the question of the constitutionality of the law under which the complaint is drawn, and his remedy would be plain, speedy, and adequate. Section 2528 also gives the district courts jurisdiction to hear and determine appeals from justice or other inferior courts in all cases of a criminal nature. "It is a rule of general application that *certiorari* is not an appropriate remedy if efficient relief can be, or could have been, obtained by a resort to other available modes of redress or review." (6 Cyc. p. 742, and a long line of cases therein cited.)

III. A party is not entitled to the writ if he fails to exercise due diligence in protecting his interests in the action or proceeding in question. (*Herman* v. *Butler*, 59 Ill. 225; *Reilly* v. *Prince*, 37 Ill. App. 102; *People* v. *Woods*, 39 N. Y. App. Div. 660.) The writ will not be awarded unless the party has first applied to the primary court or to a superior court for relief, or shows that they are incompetent to set in the matter, or that such an application would be futile. (*Ex parte Boynton*, 44 Ala. 261; *Ex parte Marr*, 12 Ark. 84; *State* v. *Gill*, 137 Mo. 627; *Lewis* v. *Brewer*, 51 Me. 108; *State* v. *Meyer*, 52 La. Ann. 255.) Petitioner herein should have appealed from the judgment of the justice court to the district court. Should the district court have decided adversely to defendant, the offense being that of a misdemeanor and no appeal lying therefrom to this court, he then would have been entitled to his writ of *certiorari* to test the jurisdiction of both lower courts. He should have first exhausted his appellate remedy. *Certiorari* is not concurrent with appeal in this state, otherwise his petition should be granted. The writ of *certiorari* is not a writ of right unless so made by statute, and the court to which application is made is vested with judicial discretion to grant or refuse the writ. (*Woodward* v. *Gibbs*, 61 Iowa, 398; *Special Drainage Dist.* v. *Griffin*, 134 Ill. 330; *Burnett* v. *Douglas County*, 4 Or. 388; *People* v. *Board of Police*

*Commissioners*, 82 N. Y. 506; *Libby* v. *West St. Paul*, 14 Minn. 248.)

By the Court, NORCROSS, J.:

This is an original proceeding in *certiorari.* The above-named petitioner was, on the 21st day of April, 1906, convicted in the Justice Court of Tonopah Township, County of Nye, upon a charge of misdemeanor in having violated the provisions of that certain act of the legislature of this state, entitled "An act to provide for licensing itinerant and unsettled merchants, traders, peddlers and auctioneers," approved March 24, 1905. (Stats. 1905, p. 260, c. 53.) It is claimed by petitioner that the said justice court was without jurisdiction in the premises, because the act under the provisions of which the petitioner was convicted is unconstitutional. This proceeding is brought to review and annul the judgment.

Upon the hearing upon the return of the writ, the respondents appeared by their attorneys and moved to quash and dismiss the writ upon the following grounds: "That the writ of *certiorari* is not the proper remedy in this case for the reason that petitioner has a plain, complete, and adequate remedy by an appeal to the District Court of the Third Judicial District, in and for Nye County, State of Nevada; that the petition in this cause does not contain facts sufficient to warrant this court in issuing said writ." Counsel for petitioner, in their brief, set forth five reasons why they claim that *certiorari* is a proper remedy herein, as follows:

"First—That there is no appeal under the law, in this case. Second—That respondents' motion to quash comes too late, and cannot be entertained, the discretionary stage having passed with the issuance of the writ; and respondents having filed their return thereto have acknowledged the jurisdiction of this court to hear and determine this question. Third— That even though the right of appeal existed in this case under the law, it could afford no adequate remedy, and therefore *certiorari* is a proper and is the only proper proceeding. Fourth—That even though the right of appeal existed, *cer-*

*tiorari* would not thereby be inhibited. Fifth—That for the purpose of the hearing on respondents' motion, the allegations of the petition as to the unconstitutionality of the law in question are to be taken as true, and the court should proceed to hear the case on the merits."

The section of the practice act of this state governing the issuance of the writ of *certiorari* reads as follows: "This writ may be granted on application by any court of this state, except a justice's, or recorder's, or mayor's court; the writ shall be granted in all cases when an inferior tribunal board, or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy." (Comp. Laws, 3531.)

The contention is made that there is no appeal from the judgment of the justice of the peace for the reason that he had no jurisdiction to try the case, because of the alleged fact that the law, under which the case was prosecuted, is unconstitutional. Furthermore, that there is no legal method of raising the question of the unconstitutionality of a law in a justice's court. Counsel cite no authorities supporting their contention in this respect, and we think their position clearly untenable. It is the practice to raise questions of jurisdiction, and questions which go to the sufficiency of the complaint to charge a public offense, in the justice court, as well as in the district court. It is not reasonable that the legislature intended to provide a system of criminal practice in justice courts that would not permit a defendant raising questions which go to the right or propriety of the justice proceeding with a trial of the case. (Cowdery's Justices' Treatise, vol. 2, 2267, 2268.)

If a justice proceeds to try a case upon the theory that a statute, which is involved in the action, is valid when it is not, a judgment rendered in the case may be void, but the right of appeal would still lie. (Comp. Laws, 2528, 4644; *Hastings* v. *Burning Moscow Co.*, 2 Nev. 97; *Jumbo Mining Co.* v. *District Court*, 28 Nev. 253, 81 Pac. 153; *Ex parte Rosenblatt*, 19 Nev. 440, 14 Pac. 298, 3 Am. St. Rep. 901.)

It is true, as contended, that if the justice court had not

jurisdiction to try the case, because of the unconstitutionality of the act, the district court, also, would not. The district court, however, would have power to determine the jurisdictional question by passing upon the constitutionality of the law, and if it erred in its decision, the same could be reviewed upon *certiorari* by this court.

The Supreme Court of California, upon a statute practically identical with that of this state, has taken a contrary view as to whether *certiorari* will lie to review a judgment of the superior court rendered on an appeal from an inferior court, where it is claimed that the superior court, as well as the inferior court, is without jurisdiction. (*Valentine* v. *Police Court*, 141 Cal. 615, 75 Pac. 336.) This view, we think, is placing relief by *certiorari* within too narrow limits and is not so required by the language of the statute. This court, in practice, has recognized the propriety of issuing the writ to review proceedings in the district court in excess of jurisdiction, had upon appeal from a justice court. (*Peacock* v. *Leonard*, 8 Nev. 84; *Martin* v. *District Court*, 13 Nev. 85.)

The contention of counsel that, the court having issued the writ, it is too late to question the jurisdiction of the court to proceed under it, is without merit. The motion to quash and dismiss the writ was made upon the first opportunity upon the hearing and was argued before the argument upon the merits, besides, it was the desire of respondents' counsel to have this question determined before a hearing upon the merits. Furthermore, the writ was issued without a hearing, with the understanding that opposing counsel reserve the right to question the appropriateness of the remedy upon the hearing upon the return of the writ.

It is earnestly contended by counsel for petitioner that the decisions of this court are not in harmony upon the question as to whether *certiorari* will lie where there is the right of appeal and that the true rule is stated in the case of *Paul* v. *Armstrong*, 1 Nev. 82, which rule, it is claimed, "was recognized by implication at least," in the case of *State* v. *Mack*, 23 Nev. 359, 47 Pac. 763, 62 Am. St. Rep. 811. In effect, the opinion of Brosnan, J., in the case of *Paul* v. *Armstrong*, *supra*, held, "A writ of *certiorari* is not inhibited to a party

aggrieved in all proceedings or actions wherein a right of appeal is given." In considering the case of *Paul* v. *Armstrong* it should be noted that Beatty, J., did not participate in the hearing, and that Lewis, C. J., concurred "in the affirmance of the judgment below, but for reasons different from those given by Justice Brosnan." It will be seen, therefore, that the opinion of Brosnan, J., does not have the force of an opinion of this court. Besides, Justice Brosnan, in his opinion, held that the case was one in which an appeal would not lie, and in two subsequent cases this court has held to the same effect. (*Wiggins* v. *Henderson*, 22 Nev. 108, 36 Pac. 459; *Martin* v. *District Court*, 13 Nev. 90.) The case was, therefore, one in which it was entirely proper to proceed in *certiorari* under the rule that the remedy is not appropriate where the right of appeal exists. It is interesting here to note that in the case of *Golding* v. *Jennings*, 1 Utah, 135, cited by counsel for petitioner, that court adopted the portion of the opinion of Brosnan, J., in the *Paul* v. *Armstrong* case, relative to the writ of *certiorari*, as a correct statement of the rule governing the function of the writ. Subsequently, in the case of *Saunders* v. *Nursery*, 6 Utah, 438, 24 Pac. 532, the case of *Golding* v. *Jennings* was overruled; the court in its opinion saying: "Upon further consideration of the question, the court is of the opinion that a writ of *certiorari* or review will not lie where the right of appeal exists."

We cannot agree with counsel for petitioner that the rule as declared by Brosnan, J., in the case of *Paul* v. *Armstrong* "was recognized, by implication at least," in the case of *State* v. *Mack*, *supra*. The following sentence from the opinion in the latter case, we think, sufficiently answers counsel: "Counsel for respondent concede that the special plea to the jurisdiction of the district court, and the proceedings thereon, are regular and proper, and that the proceedings in this court upon *certiorari* are proper and regular, therefore no opinion is given upon these questions." In every case where this court has passed directly upon the question it has held that the remedy by *certiorari* cannot be resorted to where the right of appeal is afforded. (*Leonard* v. *Peacock*, 8 Nev. 162; *Nevada Central R. R. Co.* v. *District Court of Lander County*,

21 Nev. 411, 32 Pac. 673; *Phillips* v. *Welch,* 11 Nev. 193; *Wiggins* v. *Henderson,* 22 Nev. 107, 36 Pac. 459.)

The Supreme Court of California has uniformly held that proceedings in *certiorari* will not lie where an appeal could have been resorted to. (*Gray* v. *Schupp,* 4 Cal. 185; *Clarey* v. *Hoagland,* 13 Cal. 173; *People* v. *Shepard,* 28 Cal. 115; *Bennett* v. *Wallace,* 43 Cal. 25; *C. P. R. R. Co.* v. *Placer Co.,* Id. 365; *Stuttmeister* v. *Superior Court,* 71 Cal. 322, 12 Pac. 270; *McCue* v. *Superior Court,* 71 Cal. 545, 12 Pac. 615; *Stoddard* v. *Superior Court,* 108 Cal. 303, 41 Pac. 278; *Valentine* v. *Superior Court,* 141 Cal. 615, 75 Pac. 323; *Wittman* v. *Police Court,* 145 Cal. 474, 78 Pac. 1052.) This rule is in accordance with the great weight of authority, especially in states having statutes similar to ours. (*People* v. *Lindsey,* 1 Idaho, 394; *Ramsey* v. *Pettengill,* 14 Or. 207, 12 Pac. 439; *Saunders* v. *Nursery,* 6 Utah, 348, 24 Pac. 532; *State* v. *District Court,* 24 Mont. 499, 62 Pac. 820; 4 Enc. Pl. & Prac. 51; 6 Cyc. 742, and authorities cited.) The fact that petitioner has neglected to take advantage of his right of appeal and has suffered the time to lapse within which an appeal could have been taken does not warrant the issuance of the writ. (*Faust* v. *Mason,* 47 Cal. 7; *McCue* v. *Superior Court, supra; Stuttmeister* v. *Superior Court, supra; Ramsey* v. *Pettengill, supra; Roy* v. *Whitford,* 9 Nev. 370; 6 Cyc. 742.)

The additional reasons urged by counsel in support of their contention that *certiorari* is an appropriate remedy in this case, we think, are fully answered by the rule and authorities heretofore cited. Counsel for petitioner have presented a very elaborate argument and brief in support of their contention that the act for the violation of which petitioner was convicted is unconstitutional; but, under the view which we have taken of this case, the interesting and important questions so ably presented cannot be determined in this proceeding.

For the reasons given, it is ordered that the writ be dismissed.

Talbot, J.: I concur.

Fitzgerald, C. J.: I dissent.

ON PETITION FOR REHEARING.

By the Court, NORCROSS, J.:

There are no points set up in the petition not presented in the briefs heretofore filed in this cause and covered by the decision rendered. A further examination of the questions involved has not occasioned any doubt as to the correctness of the conclusion heretofore reached.

The petition is denied.

TALBOT, J.: I concur.

FITZGERALD, C. J.: I dissent.