[No. 3,081.]

# SANFORD BENNETT *v.* WILLIAM C. WALLACE, JUDGE OF THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT.

WHEN THE WRIT OF CERTIORARI LIES.—The writ of certiorari lies only in those cases in which, in the exercise of judicial functions, an excess of jurisdiction has occurred *and in which* there is no appeal, nor in the judgment of the Court any plain, speedy, and adequate remedy.

CERTIORARI WILL NOT LIE WHERE AN APPEAL MIGHT HAVE BEEN TAKEN.—In a case where an appeal from the judgment might have been taken, but the time for taking it was suffered to elapse, the case does not thereby become one in which "there is no appeal" within the meaning of the Practice Act, Sec. 456.

OBJECT OF THE PRACTICE ACT AS TO CERTIORARI.—The Practice Act, as to the writ of certiorari, was intended to supply a remedy where none existed in the first instance, and not to supplement one lost through the laches of the party himself.

CERTIORARI to the Judge of the Seventh Judicial District.

The petition represents that on the 26th day of September, 1867, the District Judge, at his chambers, signed a decree in the case of Susan Bennett against the petitioner, in which it was adjudged and decreed that the bonds of matrimony existing between the parties be dissolved; that the petitioner pay to Susan Bennett the sum of five hundred dollars for her costs, and thirty dollars per month for the support of an infant child; that the said Susan have the care and custody of the child, and that said decree be entered as of the last day of the preceding June Term of the Court. The petitioner further states that there was no stipulation or consent of the parties that the cause should be heard at chambers, or that the decree should be entered as of the June Term, and he asks the Supreme Court to set aside the decree on the ground that the District Judge exceeded his jurisdiction. It does not appear that any attempt was made to take an appeal.

*A. Thomas*, for Petitioner, cited *In Re Presentments Co.*, 14 Mayo Jr. C. L. R. 392; *People* v. *Supervisors of Alleghany*, 15 Wend. 198; *People* v. *City of Rochester*, 21 Barb. 656; *Matter of Mount Morris Square*, 2 Hill, 14 (19 N. Y. 531.)

*J. B. Southard*, for Respondent, cited *Milliken* v. *Huber*, 21 Cal. 166; *People* v. *Shepard*, 28 Cal. 115; *Clary* v. *Hoagland*, 13 Cal. 173.

By the Court, WALLACE, C. J.:

The writ of certiorari lies only in those cases in which, in the exercise of judicial functions, an excess of jurisdiction has occurred—*and in which* " there is no appeal," etc. (Pr. Act, Sec. 456.) Unless the case be brought within both these conditions, the writ must be dismissed.

It is not denied on the part of the petitioner that the final judgment and the orders of the District Court in question might have been examined here upon appeal taken in time for that purpose; but it is insisted that, as the time limited by statute for the taking of the appeal has been suffered to elapse, the case has thereby become one in which there is no appeal, and is thus brought within the terms of the statute referred to. This view is answered by the case of *Milliken* v. *Huber*, 21 Cal. 166. The statute was intended to supply a remedy where none existed in the first instance, and not to supplement one lost through the laches of the party himself.

Writ dismissed.