[No. 3,753.]

# THE PEOPLE EX REL. JACKSON *v.* SUPERVISORS OF KERN COUNTY.

WRITS OF MANDATE.—Writs of mandate are not "special cases" within the meaning of Article VI, section eight, of the Constitution.

COUNTY COURTS CANNOT ISSUE WRITS OF MANDATE.—The Act which attempts to confer power on the County Courts to issue writs of mandate is unconstitutional.

APPEAL from the County Court of Kern County.

The petitioner applied for a writ of mandate to require the Board of Supervisors, as a Board of Canvassers, to canvass the returns of certain election precincts at an election held February 15th, 1873, for the purpose of selecting a county seat for Kern County. The Code of Civil Procedure, section eighty-five, subdivision five, provides that County Courts may issue writs of mandate.

The respondents had judgment upon demurrer, and the petitioner appealed.

*Attorney General Love, A. Brundage, C. G. W. French,* and *McKune & Welty,* for Petitioner.

*A. C. Lawrence, T. B. McFarland,* and *S. W. Sanderson,* for Respondents.

By the COURT:

County Courts have original jurisdiction of actions of forcible entry and detainer, of proceedings in insolvency, of actions to prevent or abate a nuisance, and of all such *special cases* and proceedings as are not otherwise provided for. (Const. Art. 6, Sec. 8.)

The familiar definition of a special case is that it is a case unknown to the general framework of Courts of law or equity. Writs of mandamus certainly cannot be held to be

" special cases " within this definition, and it results that the Act of the Legislature, which attempts to confer power upon County Courts to issue such writs, is not warranted by the Constitution.

Judgment affirmed.