[No. 3,225.]

## THOMAS FAUT *v.* HARRY MASON ET AL.

JURISDICTION OF COUNTY COURTS.—County Courts have not the general power of supervision over inferior tribunals which pertains to the Court of King's Bench in England.

CERTIORARI.—The power of County Courts to grant writs of certiorari, except in aid of their appellate jurisdiction, doubted, but the point not decided.

CERTIORARI CANNOT BE SUBSTITUTED FOR AN APPEAL.—No Court in this State can grant the writ of certiorari, except in cases where "there is no appeal, nor, in the judgment of the Court, any plain, speedy, and adequate remedy." It cannot be substituted for an appeal where the time for taking the appeal has been suffered to elapse.

APPEAL from the County Court of Sierra County.

Faut sued Harry Mason, H. T. Mason, and Madame Jarvantin, before a Justice of the Peace in Table Rock Township, Sierra County, to recover two hundred and ninety-nine dollars and ninety-nine cents. The plaintiff and H. T. Mason lived in Table Rock Township, but Harry Mason and Madame Jarvantin lived in Sears Township. The summons was issued November 25th, 1869, and served November 26th, 1869. The summons commanded the defendants to appear and answer ten days after service. On the 9th day of December, 1869, judgment was rendered against the defendants by default.

On the 13th day of September, 1871, the defendants, Harry Mason and Madame Jarvantin, moved the County Judge of Sierra County for a writ of certiorari. The grounds of the motion were that the summons should have been made returnable in fifteen days, because the petitioners did not reside in the same township with the plaintiff, and therefore the Justice did not acquire jurisdiction. The County Court granted the writ, and set aside the judgment of the Justice. The plaintiff Faut appealed.

The other facts are stated in the opinion.

*Vanclief & McCann,* for Appellant, argued that the power to issue the writ of certiorari is not conferred upon County Courts by the Constitution. They also argued that certio-

rari will not lie where there is a remedy by appeal, and cited *Miliken* v. *Huber,* 21 Cal. 167 ; *Bennett* v. *Wallace,* 43 Cal. 25.

*G. G. Clough* and *Creed Hammond,* for Respondents, in reply, cited *Jacks* v. *Days,* 15 Cal. 91; *Comstock* v. *Clemens,* 19 Cal. 77; *Miller* v. *Board of Supervisors of San Francisco,* 25 Cal. 95; *People* v. *Sheppard,* 25 Cal. 115; *Clary* v. *Hoagland,* 13 Cal. 173, and *Winter* v. *Fitzpatrick,* 35 Cal. 269, contending that in the last four cases a distinction is made between cases where a remedy by appeal exists and where it has ceased to exist.

By the COURT :

County Courts are invested by the Constitution with certain original jurisdiction, not necessary now to be considered, and with appellate jurisdiction in all cases arising in Courts held by Justices of the Peace and other inferior tribunals— and they are authorized by statute to grant writs of certiorari. They have not the general power of supervision over inferior tribunals which pertains to the Court of King's Bench in England. That power pertains to the Supreme and District Courts alone in this State.

It may be doubtful whether County Courts have power under the Constitution to grant writs of certiorari, unless it be in aid of their appellate jurisdiction. (*The People ex rel. Jackson* v. *Supervisors of Kern County,* 45 Cal. 679.)

It is not necessary now to decide that question; but it is clear, if they have the power, they can exercise it only in cases "where there is no appeal, nor, in the judgment of the Court, any plain, speedy and adequate remedy." This limitation is imposed by the statute, and controls the action of all Courts in the exercise of this power.

What is meant by the words "there is no appeal," is not an open question. It is settled that, if the law has provided for an appeal but the time for taking it has been suffered to elapse, the writ of certiorari cannot be resorted to as a substitute. (*Miliken* v. *Huber,* 21 Cal. 166 ; *Bennett* v. *Wallace,* 43 Cal. 25.)

"The statute," said the Court, in the last named case, "was intended to supply a remedy where none existed in the first instance, and not to supplement one lost through the laches of the party himself."

In this case defendants might have appealed from the judgment rendered against them by the Justice of the Peace, and have obtained any relief to which they were entitled. They let the time for taking an appeal go by without taking one, but that was their fault, and they must bear whatever consequences it entails. It was error for the County Court to review and set aside that judgment through the instrumentality of the writ of certiorari.

The case is brought to this Court under the provisions of section four hundred and sixty-five of the Practice Act, and our jurisdiction is supported by *Winter* v. *Fitzpatrick*, 35 Cal. 269.

The judgment is reversed and cause remanded, with directions to the Court below to dismiss the writ.