[S. F. No. 2773.   Department One.—January 15, 1904.]

## W. D. VALENTINE et al., Appellants, v. POLICE COURT OF CITY AND COUNTY OF SAN FRANCISCO, etc., Respondent.

MUNICIPAL ORDINANCE—VALIDITY—CONVICTION IN POLICE COURT—AFFIRMANCE UPON APPEAL—CERTIORARI.—The writ of *certiorari* will not lie to determine the validity of a municipal ordinance properly involved in an appeal taken to the superior court from a judgment of conviction of a violation thereof in the police court which has been affirmed upon said appeal. The writ only lies where there is no

---

[1] 66 Am. St. Rep. 39.

remedy by appeal, and will not lie either where such remedy has been lost by laches or where a judgment has been affirmed upon appeal.

ID.—PROHIBITION—BENCH-WARRANT TO ENFORCE JUDGMENT AFFIRMED— MINISTERIAL ACT—JUDICIAL ACTS PERFORMED.—Prohibition cannot be resorted to where there is a plain, speedy, and adequate remedy by appeal; and where a judgment of conviction of an offense has been affirmed upon appeal, prohibition will not lie to prevent the ministerial act of a bench-warrant to enforce the judgment. The writ of prohibition is confined to preventive relief, and is not intended as a writ of review, nor to serve the purpose of a second appeal, nor to prevent judicial acts already done, nor to secure the annulment of proceedings already had.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. William P. Lawlor, Judge.

The facts are stated in the opinion.

George D. Collins, for Appellants.

Joseph F. Coffey, for Respondent.

GRAY, C.—A petition was filed in the court below for writs of *certiorari* and prohibition. On demurrer to this petition the defendant had judgment. Plaintiffs appeal from the judgment.

From the petition it appears that the plaintiffs were tried and convicted in the defendant court of the crime defined in order No. 1587 (secs. 1 and 34) of the board of supervisors of the city and county of San Francisco. The judgment was, that the defendants each pay a fine in a given sum, and that in default of payment they be imprisoned, etc. It further appears that after the conviction had in the police court, the case of the plaintiffs herein and defendants therein was appealed to the superior court, and the judgment was affirmed. Thereafter bench-warrants were issued by the police judge for the arrest and imprisonment of defendants therein to satisfy said judgments. The purpose of this action is to have it declared that the said judgments and bench-warrants are in excess of the jurisdiction of the police court, and that said judgments and warrants be annulled.

It is accordingly here urged that the ordinance upon which

the prosecution was based was void for several different reasons, that the complaint filed in the police court did not state any offense, and that the judgments of the police court and the warrant based thereon are also void. All these questions were the proper subject of investigation and determination upon the appeal taken to the superior court. And it is not the purpose of the law that these same questions should be reinvestigated and redetermined by the supreme court or by any other court upon application for a writ of *certiorari* or prohibition, or upon an application for both of those writs. The writ of *certiorari* issues only in cases where there is no remedy by appeal. (Code Civ. Proc., sec. 1068; *White* v. *Superior Court,* 110 Cal. 54.) And this rule applies with equal force where the right of appeal has been lost by laches. (*Faut* v. *Mason,* 47 Cal. 7; *Bennett* v. *Wallace,* 43 Cal. 25.) It is equally clear that the rule continues to apply after the appeal has been heard and determined, as in this case, adversely to appellants. "The statute (Code Civ. Proc., sec. 1067)· was intended to supply a remedy where none existed in the first instance." (*Bennett* v. *Wallace,* 43 Cal. 25.) It was never intended that it should be substituted for an appeal. (*Faut* v. *Mason,* 47 Cal. 7.)

It is also settled that prohibition cannot be resorted to where, as here, there is a plain, speedy, and adequate remedy by appeal. (*White* v. *Superior Court,* 110 Cal. 54.) But appellant contends that the law does not give an appeal from the order of the police court directing the issuance of the bench-warrants. Let this be granted for the sake of argument, and yet no theory is presented to us upon which the order for the bench-warrant or the bench-warrant itself can be held invalid without a review of the judgment and a determination that the latter is void. Unless we can review the case and determine that the judgment is invalid, we must proceed upon the theory that it is valid, and its validity being admitted, the bench-warrant is also valid. Indeed, the issuance of the bench-warrant follows of necessity upon the affirmance of the judgment upon an appeal, and no judicial function is thereby brought into exercise, but it is a mere ministerial act. The writ will not issue to restrain an act, unless it involves the exercise of judicial functions. (2

Bailey on Jurisdiction, sec. 449; *Hull* v. *Superior Court,* 63 Cal. 179.) The case of *Terrill* v. *Superior Court,* 60 Pac. Rep. 38, 516, is cited to uphold the right to prohibition herein. In that case no judgment had been entered against the petitioner, and it was sought by prohibition to prevent the entry of a judgment,—it plainly appearing that the court had no power or jurisdiction to enter such judgment. The court held that the remedy by appeal, given by the statute, was not adequate, because it was not sufficiently speedy. In that case the hearing in this court was upon an original petition. The case before us is different from the Terrill case in several respects. The most material difference is, that here the judgment has already been entered, has been reviewed on appeal and affirmed by the court of last resort. The writ of prohibition is confined to preventive relief, and is not intended as a writ of review, nor is it contemplated by the law that it shall serve the purpose of a second appeal after a party has already availed himself of the only appeal given him under the statute.

The judgment here attacked has become a fixed judicial determination. This writ will not issue "to prevent judicial acts already done." (*Hull* v. *Superior Court,* 63 Cal. 179; 2 Bailey on Jurisdiction, secs. 480, 481.) "This writ is not the appropriate one to secure the annulment of proceedings already had." (*More* v. *Superior Court,* 64 Cal. 345.)

We advise that the judgment be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Shaw, J., Angellotti, J., Van Dyke, J.

Hearing in Bank denied.