[Civ. No. 1047.    Third Appellate District.—September 24, 1913.]

POSTAL TELEGRAPH-CABLE COMPANY (a. Corporation), Petitioner, v. THE SUPERIOR COURT OF YOLO COUNTY, et al., Respondents.

CERTIORARI—CONDITIONS PRECEDENT TO ISSUANCE OF WRIT.—As a prerequisite to the issuance of the writ of review there must exist the three following concurrent conditions: 1. An excess of jurisdiction of an inferior tribunal; 2. No appeal; and, 3. No other plain, speedy, and adequate remedy. If any one of these essentials is missing the writ will not lie.

ID.—REMEDY BY APPEAL—SECTION 1068 OF THE CODE OF CIVIL PROCEDURE.—Although it may be somewhat difficult to define with accuracy the scope and significance of the expression "and there is no appeal," as used in section 1068 of the Code of Civil Procedure, the ready inference from the terminology is that if the aggrieved party has the legal right to obtain in the regular way a review by an appellate court of the declared wrong, no authority exists for the issuance of the writ of certiorari.

ID.—APPEALABILITY OF ORDER NOT MATERIAL.—The term is not confined in its application to the particular order that may be made the subject of special attack; and whether or not that order is appealable is of no consequence, if its effect can be nullified by an appeal from the judgment.

ID.—MISTAKE IN IDENTITY OF DEFENDANT—SUBSTITUTION OF PROPER PARTY—REMEDIES.—Where in an action against a corporation it develops at the beginning of the trial that a mistake has been made as to the identity of the corporation against which the cause of action exists, and an amendment of the complaint is permitted substituting the proper corporation defendant without service of process, the order of substitution, if erroneous, is correctible upon appeal from the final judgment, or the judgment may be vacated under

section 473 of the Code of Civil Procedure on the ground of surprise or excusable neglect, or on motion, independently of such section, on the ground of absence of jurisdiction, or by suit in equity. Therefore the writ of *certiorari* cannot be invoked.

ID.—PERSONS ENTITLED TO APPEAL—PARTIES SUBSEQUENTLY BROUGHT INTO ACTION.—Any party aggrieved by a judgment may appeal therefrom. This embraces parties who are subsequently brought into the action, as well as' those by or against whom it was originally instituted. In legal acceptation a party is aggrieved by a judgment when it operates upon his rights of property or bears directly upon his interest.

ID.—RIGHT OF APPEAL—FAILURE TO PROSECUTE.—It is not the consideration whether the petitioner for a writ of *certiorari* takes advantage of the right of appeal, but whether the right of appeal exists in his favor, that is decisive of the question; he cannot allow the time for appeal to lapse, and then successfully urge this circumstance as a legal justification for *certiorari.*

JUDGMENT—SETTING ASIDE FOR SURPRISE OR EXCUSABLE NEGLECT.— Where a defendant is not served with process, a judgment rendered against him may be vacated on motion, or by suit in equity.

APPLICATION for a Writ of Certiorari.

The facts are stated in the opinion of the court.

J. S. Spilman, and L. T. Hatfield, for Petitioner.

E. E. Gaddis, for Respondents.

BURNETT, J.—A re-examination of the questions involved in this application has confirmed our belief in the legal integrity of the views announced on the former hearing.

In stating our understanding of the case we shall follow the order and adopt a large portion of the opinion filed when the application herein was first determined.

In response to an alternative writ of *certiorari* issued out of this court, respondents filed a demurrer to the petition and also a complete return of the proceedings sought to be reviewed. An action was brought in said superior court on the twenty-eighth day of August, 1911, entitled: "Catherine Altpeter and J. C. Altpeter, Plaintiffs, *v.* Postal Telegraph-Cable Company, a corporation, Defendant." In the complaint therein filed it was alleged: "That said defendant is and at

all the times herein mentioned was, a corporation organized and acting under, and by virtue of the laws of the state of New York.'' Proper service was made upon the New York corporation and no question was raised as to the regularity of the proceedings until the time of the trial. It then developed, from the testimony of the first witness sworn, that there was a corporation of the same name organized under the laws of the state of California and that the cause of action existed against the domestic corporation. Application was then made by plaintiffs to amend their complaint by striking out the word *New York* and substituting *California* in said allegation as to the organization of the corporation. This was stoutly opposed by counsel for the foreign corporation, it being contended that the amendment would have the effect to substitute an entirely different defendant that had not been served and was not represented at the trial. After some testimony had been taken and arguments of counsel heard, the court permitted the amendment upon the theory that it did not operate to change the party defendant but to correct a mistake in the designation of the place of organization. The court also seems to have entertained the view that there was a sufficient service upon the domestic corporation, and it was concluded that the amendment was in furtherance of justice. Counsel for the New York corporation thereupon withdrew and the trial proceeded before a jury and a verdict was rendered and a judgment thereafter entered in favor of plaintiffs and against the said California corporation.

It is plainly provided by the statute (Code Civ. Proc., sec. 1068), and so declared by the supreme court that, as a prerequisite to the issuance of the writ of review there must exist the three following concurrent conditions: 1. An excess of jurisdiction of an inferior tribunal; 2. No appeal; and 3. No other plain, speedy, and adequate remedy. If any one of these essentials be missing the writ will not lie. (*Noble* v. *Superior Court,* 109 Cal. 523, [42 Pac. 155].)

It may be somewhat difficult to define with accuracy the scope and significance of the expression '*and there is no appeal,*'' used in said section. The ready inference from the terminology is that if the aggrieved party has the legal right to obtain in the regular way a review by an appellate court of the declared wrong no authority exists for the issuance of

the writ of *certiorari*. The contention of petitioner is that the appeal contemplated must be adequate to correct and redress the injury. It is at least certain that the term is not confined in its application to the particuar order that may be made the subject of special attack. Whether that order be appealable or not is of no consequence if its effect can be nullified by an appeal from the judgment.

As stated in *Olcese* v. *Justice's Court,* 156 Cal. 84, [103 Pac. 317], it is well settled and well understood that *certiorari* is not a writ of right and that it "would not be issued where the matter sought to be reviewed could be heard and determined upon appeal. The remedy of defendant is by appeal and not by writ of review. The latter lies only when the former does not. (*People* v. *Shepard,* 28 Cal. 115; *Comstock* v. *Clemens,* 19 Cal. 80; *Clary* v. *Hoagland,* 13 Cal. 173.)"

Herein petitioner complains particularly that without having been served with process it was substituted as party defendant and it is contended that said order of substitution is not appealable. But it cannot be disputed that the final judgment in the case is appealable and that upon such appeal the said order of substitution, if erroneous, could be reviewed and corrected. It seems clear, therefore, that the remedy by appeal existed.

That the right of appeal existed in favor of petitioner seems also to follow from the language of the code. As we have seen, the judgment was against petitioner and, we may add, it was for the sum of fifteen hundred dollars. Section 938 of the Code of Civil Procedure provides that "Any party aggrieved may appeal in the cases prescribed in this title." Petitioner would hardly contend that it was not "aggrieved" by reason of said judgment. In fact, if no judgment had been rendered against it there would have been no substantial injury to petitioner and it would not be here asking for this writ.

"Most of the appeal statutes declare that any party aggrieved by a judgment or decree may appeal therefrom. This embraces parties who are subsequently brought into the action, as well as those by or against whom it was originally instituted. In legal acceptation a party is aggrieved by a judgment or decree when it operates upon his rights of property, or bears directly upon his interest." (2 Cyc., p. 633.)

It is not, of course, the consideration whether the petitioner takes advantage of the right of appeal, but whether the right of appeal exists in his favor that is decisive of the question. For instance, he cannot allow the time for appeal to lapse and then successfully urge this circumstance as a legal justification for the writ of *certiorari*.

"The statute was intended to supply a remedy where none existed in the first instance, and not to supplement one lost through the laches of the party himself." (*Bennett* v. *Wallace*, 43 Cal. 25.)

We may refer to the following additional cases as illustrating the application of the foregoing principles:

In *People* v. *Shepard*, 28 Cal. 115, it was held that, conceding an order discharging an insolvent from his debts to be void on account of the want of jurisdiction by the court, *certiorari* would not lie, since the remedy by appeal existed.

In *Stoddard* v. *Superior Court*, 108 Cal. 303, [41 Pac. 278], where it was sought to review an order restraining the sale of property pending an appeal from the judgment, it was said: "We have been referred to no case in which it has been held that, under our code, a writ of *certiorari* will lie to reverse an appealable order. *That the appeal does not afford a plain, speedy, and adequate remedy makes no difference; the provision of the statute governs.*"

In *Noble* v. *Superior Court*, 109 Cal. 523, [42 Pac. 155], it was declared that "Where an appeal is given from a judgment, the appellate court may correct all the errors therein detrimental to the appellant, and the fact that some portion of the judgment is without and in excess of the powers of the court is but a reason for the reversal of the judgment on such appeal."

In *White* v. *Superior Court*, 110 Cal. 58, [42 Pac. 471], the distinction as to this point between *prohibition* and *certiorari* is noticed and it is said that "*unlike* the provision with reference to *certiorari* the *mere right of appeal*, independently of its affording adequate relief, does not, *ipso facto*, deprive him of the remedy by prohibition."

In *Tucker* v. *Justice's Court*, 120 Cal. 512, [52 Pac. 808], it was held that "Where the summons in an action commenced in the justice's court does not name the plaintiff in the action, but inserts another name as plaintiff, it is fatally defective.

To remedy such defect, the defendant may move the court to quash the summons, or within ten days after entry of judgment by default may move the court to set aside the default and judgment, or may appeal to the superior court from the judgment; but, having such remedy by appeal, the defendant cannot resort to a writ of review to annul the judgment.''

In *Elliott* v. *Superior Court*, 144 Cal. 506, [103 Am. St. Rep. 102, 77 Pac. 1111], it is said: ''There is no doubt that a right of appeal excludes the right to proceed by *certiorari,* and it is equally clear that if the petitioners are parties to the action or the proceeding they have the right of appeal.''

In opposition to this view of the situation, suggestions are made by petitioner, as already stated, that really amount to the contention that, under the peculiar circumstances of the case, the writ should issue for the reason that the remedy by appeal is not adequate. This position is concisely stated as follows: ''In the case at bar, no reasonable ground work could be laid for an appeal that would reach all of the questions in the case. That is to say, no plain, speedy, or adequate remedy or any remedy whatever is available to the petitioner.''

The legislature has not provided, by express terms, at least, that said appeal must constitute an adequate remedy. It may be inadequate, of course, by reason of the fault of the appellant. In that case he could not urge its inadequacy.

But where no appearance is made for a party and he is not represented at the trial the record is likely to be too imperfect to present properly or at all to the appellate court the vital objections to the judgment. In that respect he would be in no better position than one not a party of which it is said, in *Elliott* v. *Superior Court,* 144 Cal. 506, [103 Am. St. Rep. 102, 77 Pac. 1111], that ''When not void on its face a right of direct appeal would be of no value to a person not a party, because he would have had no opportunity of getting into the record the matters necessary to show error or excess of jurisdiction.'' But this is simply another way of stating that the remedy by appeal is inadequate. It is not necessary, however, to consider such contingency.

For conceding, for the sake of argument, that the statute contemplates an ''appeal'' that may be adequate for a complete review of the question of jurisdiction, then it may be stated that the record of the proceedings made a part of the

return herein warrants. the conclusion that with a proper bill of exceptions the matter at issue could be fully exploited and a determination had upon the merits, if an appeal had been taken from the judgment.

While disclaiming to represent the California corporation, the counsel for the New York corporation of the same name seems to have safeguarded the interests of the former in having the record present a clear exposition of the essential facts. It thus clearly appears that plaintiffs believed the declared wrong was committed by the New York association and hence the allegation in the complaint as to the organization of said corporation. The service was made upon the designated agent of said corporation. At the beginning of the trial, as we have seen, it developed that a mistake as to the identity of the party had been made by plaintiffs but it was claimed that the real party in interest had actually been designated in the title and that service was legally made upon it by reason of the fact that the designated agent of the New York corporation was also the manager of the Sacramento office of the domestic corporation.

Every step in the proceeding leading up to the said amendment of the complaint was vigorously contested, and, in response to the statement of counsel for plaintiffs that "We have sued the right party; we have sued the Postal Telegraph-Cable Company, a corporation, no matter where it is incorporated," counsel for the New York corporation offered in evidence the summons and return of service upon J. R. Beatty and also a certified copy of the designation by said corporation of Beatty as its resident agent.

Objection was also urged to the testimony of Mr. Beatty that he was the manager of the Sacramento office of the California corporation and a motion was made to have his testimony stricken out.

It may be that other facts could have been shown that would be pertinent to the inquiry whether service was had upon petitioner, but it must be said that counsel seems to have made an earnest effort to exhibit the question fully. And it is significant that it is argued forcibly and elaborately here by petitioner that this very record shows that no jurisdiction was obtained of the domestic corporation. The record would cer-

tainly be equally potential if it accompanied an appeal from the judgment.

But, aside from the foregoing, it is quite clear that the writ should not issue for the reason that petitioner had another plain, speedy, and adequate remedy. In fact, there were two courses, somewhat variant, available for complete redress.

Section 473 of the Code of Civil Procedure is broad enough to cover the situation. It is suggested that petitioner could not urge successfully that the judgment was obtained through the "mistake, inadvertence, surprise, or excusable neglect" of defendant. It is difficult to conceive of anything approaching more nearly to the full requirement of "surprise" or "excusable neglect," both in a legal and popular sense, than the failure of the defendant to contest a suit where the court has no jurisdiction of the person of the party. Upon the hearing of the motion the facts, of course, could be shown, and we must presume that the lower court would reach a correct conclusion and set aside the judgment if it were proper to do so. Thus is the remedy plain, speedy, and adequate. But if the lower court should deny the motion, an appeal would lie as from a "special order made after final judgment" (Code Civ. Proc., sec. 963, subd. 2), assuming, of course, that an appeal from the judgment itself could not be made effective by reason of an imperfect record.

A party defendant not served at all and therefore not having his day in court and thus having no opportunity for making a record for appeal should certainly be entitled to the same privilege in this respect as one not a party at all to the record. As to the latter, it is said, in *Elliott* v. *Superior Court,* 144 Cal. 506, [103 Am. St. Rep. 102, 77 Pac. 1111], that "He may make himself a party by moving to set aside such judgment or order and if his motion is denied may, on appeal from that order, have the proceeding of which he complains reversed, not only for excess of jurisdiction but for error. (*People* v. *Grant,* 45 Cal. 97; *Green* v. *Hebbard,* 95 Cal. 39, [30 Pac. 202]; *Pignaz* v. *Burnett,* 119 Cal. 157, [51 Pac. 48]; *Credits Com. Co.* v. *Superior Court,* 140 Cal. 82, [73 Pac. 1009].)" Furthermore, it is said: "And this is a practice to be commended and encouraged for its convenience; for it is to be presumed that the attention of the court being

drawn to its excess of jurisdiction, the order or judgment would be vacated on motion without the trouble and expense of certifying the record to a court of review.''

But it is not even necessary to hold that the motion must be made under said section 473. Regardless of that section the court would take cognizance of the motion. In *De La Montanya* v. *De La Montanya*, 112 Cal. 101, [53 Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345], indeed, it was held that ''A motion will lie to set aside a judgment rendered without jurisdiction of the person of the defendant; and section 473 of the Code of Civil Procedure has no application to such motion.'' In reference to the question of appeal from an order refusing to set aside the judgment it was also said: ''No doubt it has been held, and I think correctly, that when a motion is made to vacate an order under such circumstances that it merely calls upon the court to repent or overrule the former ruling on the same facts, the last order is not appealable, not because the last order is not within the terms of section 963 of the code, allowing appeals, for it may be; but because it would be virtually allowing two appeals from the same ruling and would in some cases have the effect of extending the time for appealing, contrary to the intent of the statute. Nor will such practice be allowed merely to permit a litigant to take an exception, or get a bill of exceptions which he has neglected to do at the proper time. But I see no reason why the appeal should not be entertained. It is plainly within the terms of the statute allowing appeals, and no other method is suggested in which the right of the appellant to the relief sought could be considered here. An appeal upon the judgment-roll would not present all the facts upon which the motion is based—even if one may have a bill of exceptions when he has not been in court and has taken no exceptions. Besides, it is a case in which it was eminently proper, if not necessary, that relief should first be asked from the trial court.''

He would manifestly come under the exception to the general rule that ''a party cannot ordinarily take an appeal from a subsequent order denying a motion to vacate the judgment or order complained of.'' (*Title Ins. & Trust Co.* v. *Calif. etc. Co.*, 159 Cal. 487, [114 Pac. 838].)

The general rule, it may be said, applies where "the errors alleged to have been committed can be considered on an appeal from the judgment" (*Reay* v. *Butler,* 69 Cal. 572, [11 Pac. 463]), or, as stated in *Kent* v. *Williams,* 146 Cal. 11, [79 Pac. 531], "The rule is well established that an order refusing to vacate a prior order or judgment from which an appeal may be taken is not appealable unless there is a record which presents matters for consideration that could not be presented upon the appeal from the original order or judgment."

The question is quite fully discussed and the California decisions reviewed, it may be said, in section 199, et seq., of "Hayne on New Trial and Appeal." The learned author's statement of the rule is: "An order refusing to vacate a prior order or judgment, from which an appeal might have been prosecuted, is not appealable, unless the motion to vacate is based upon matter affecting the substantial rights of the moving party, which could not have been presented upon an appeal from the original order or judgment; or unless the right to make such motion and to prosecute an appeal therefrom, is directly conferred by statute."

It is quite manifest, also, that upon the assumption that the judgment was void by reason of the want of jurisdiction of the defendant, its execution may be effectually stayed and the judgment itself vacated by an action in equity for that purpose. This practice seems to be universally recognized. The four cases cited by petitioner to the point that there was a want of jurisdiction in the present instance are examples of the suggested method of procedure.

*Siling* v. *Hendrickson,* 193 Mo. 365, [92 S. W. 105], was an action "in equity to reform a deed . . . and to declare void a proceeding and judgment in attachment . . . and to set aside the sheriff's deed under said attachment judgment." The judgment in the attachment proceeding was nullified for the reason that the court lacked jurisdiction to render it.

The efficacy of a similar direct attack upon a judgment in excess of jurisdiction is also assumed or asserted in the other cases: *Williams* v. *Bankhead,* 86 U. S. (19 Wall.) 563, [22 L. Ed. 184]; *Wilcke* v. *Duross,* 144 Mich. 243, [115 Am. St. Rep. 394, 107 N. W. 907]; *National Metal Co.* v. *Greene Consol. Copper Co.,* 11 Ariz. 108, [9 L. R. A. (N. S.) 1062, 89 Pac. 535].

Petitioner intimates that these remedies are circuitous and burdensome and, therefore, not to be exacted. In this petitioner is mistaken. They are simple, direct, and efficacious.

The extraordinary writ of *certiorari* is to be issued only on certain enumerated conditions. It appears clearly that those conditions do not exist and therefore the writ should be denied.

It is so ordered.

Chipman, P. J., and Hart, J., concurred.