[Civ. No. 2287.    Third Appellate District.—January 21, 1921.]

## A. S. CANDEIAS, Petitioner, v. SUPERIOR COURT OF MERCED COUNTY, Respondent.

[1] WRIT OF REVIEW—UNLAWFUL DETAINER—JUDGMENT—APPEAL.—A judgment in favor of the plaintiff in an action in unlawful detainer being reviewable by appeal, a writ of review will not issue to annul such judgment.

PROCEEDING on Certiorari to annul a judgment of the Superior Court of Merced County. Demurrer sustained and writ discharged.

The facts are stated in the opinion of the court.

L. C. Pistolesi and O. F. Meldon for Petitioner.

F. W. Henderson for Respondent.

BURROUGHS, P. J., *pro tem.*—This is a proceeding by A. S. Candeias to obtain a writ of review to annul a judgment of the superior court of the state of California, in and for the county of Merced, in an action wherein William Pfitzer and Emily Pfitzer are plaintiffs and petitioner herein is the defendant.

A writ of review was issued out of this court December 15, 1920, commanding the respondent to certify to this court a transcript of the record and proceedings in said action. Respondent has appeared by a demurrer to the petition and a motion to dismiss the proceeding.

From the petition it appears that petitioner was a tenant of Pfitzer of an eighty-acre dairy farm under a five-year lease, expiring December 31, 1922. At the time of the execution of the lease there were about forty-five acres of the land planted to alfalfa, and, among other conditions of said lease, the petitioner agreed to "keep all stock off of the alfalfa when the same is wet; . . . and in the event that any of the alfalfa is trampled out by stock, said party of the second part (petitioner) agrees to reseed the same at his own cost and expense."

The petitioner conducted said premises as a dairy farm and had about eighty head of dairy cows thereon.

April 21, 1920, the lessors commenced an action against the petitioner, in unlawful detainer, basing their cause of action upon an alleged violation of the foregoing provision of the lease, and in support of said action further alleged service of notice to surrender possession of said property and vacate the same within three days of service thereof, and that more than three days had elapsed since such service, and that the defendant (petitioner) refused to vacate and still continued in possession of the demanded premises. A copy of the demand is annexed to the complaint and made a part thereof. The demand is not in the alternative, requiring a performance of the covenants of the lease, or to deliver possession, but is a demand that the premises be surrendered, for failure to comply with the terms of the lease in "that you have pastured the land in alfalfa with your stock and allowed them to run thereon while the land was wet." Defendant answered denying the averments of the complaint as to his failure to comply with the terms of the lease. After a trial of the issues, the court made findings favorable to plaintiff and entered its judgment in accordance therewith. In due time defendant perfected his appeal to this court and made application to the trial judge, under the provisions of section 945 of the Code of Civil Procedure, to fix the amount of a bond on appeal and for an order to stay the execution of the judgment upon the filing of the bond pursuant to section 1176 of the Code of Civil Procedure, but said judge refused, and still refuses, to fix the amount of said bond. It is further alleged in the petition that if said judgment be not annulled in this proceeding, that the same will be carried into execution before the cause can be heard on the appeal, and that there is no other plain, speedy or adequate remedy.

It is the contention of petitioner that in an action in unlawful detainer, the jurisdiction of the court is special and limited and the jurisdictional facts must clearly appear upon the face of the complaint, and unless they so appear the court acts in excess of its jurisdiction in trying the issues or rendering judgment thereon. He claims that the notice to deliver possession, not being in the alternative,

as provided in subdivision 3, section 1161, of the Code of Civil Procedure, is insufficient to confer jurisdiction upon the court, and, therefore, this court should annul the judgment.

[1] Under the view we take of this proceeding it is unnecessary to pass upon the questions raised by petitioner as to the sufficiency of the demand or the question of jurisdiction as those matters will be properly before the court on appeal. In actions of this character a right of appeal is given by section 963 of the Code of Civil Procedure, and of this provision of the law defendant has availed himself. Section 1068 of the Code of Civil Procedure provides when a writ of review may issue as follows: ''A writ of review may be granted by any court, except a police or justice's court, when an inferior tribunal, board, or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy.'' In *Noble* v. *Superior Court,* 109 Cal. 523, [42 Pac. 155], after citing section 1068 of the Code of Civil Procedure; it is said: ''From this provision it is made manifest that three concurring requisites are essential to the issuance of the writ of review: 1. An excess of jurisdiction by the inferior tribunal, etc., exercising judicial functions; 2. That there is no appeal; 3. That there is no other plain, speedy, and adequate remedy.''

It thus clearly appears that one of the prerequisites to the granting of the writ of review is that there is no appeal. The defendant having a right of appeal in the action sought to be reviewed, is, therefore, not entitled to the writ. The demurrer to the petition is sustained, the writ of review discharged, and the proceedings dismissed.

Burnett, J., and Hart, J., concurred.