[Civ. No. 5092.   Second Appellate District, Division Two.—October 25, 1927.]

B. H. JONES, Appellant, v. THE POLICE COURT OF THE CITY OF ALHAMBRA et al., Respondents.

Paul M. Nash and Charles P. Huey for Appellant.

T. C. Gould, Emmet A. Tompkins and H. S. Farrell for Respondents.

COLLIER, J., *pro tem.*—B. H. Jones, the appellant, was arrested by police officers of the city of Alhambra. A complaint was duly filed against him in the police court of said city, charging that "on the 11th day of June, 1923, in said county of Los Angeles, State of California, a misdemeanor was committed by B. H. Jones, as follows: That the said B. H. Jones *did* at the time and place last aforesaid was wilfully and unlawfully a lewd and dissolute person. All of which is contrary to the form, force and effect," etc.

Thereafter a warrant was issued, and on June 13, 1923, the defendant was duly arraigned. The complaint was read to him, and he was informed of all of his legal rights; he pleaded not guilty, whereupon a trial by the court was had, a jury having been waived. Witnesses for the prosecution and defense were sworn and testified, and on June 14, 1923, the court found Jones guilty and entered judgment that Jones pay a fine of three hundred dollars, and in case said fine be not paid by 12 o'clock noon of July 14, 1923, that Jones be imprisoned in the county jail of Los Angeles County until the fine be satisfied in the proportion of one day's imprisonment for every dollar of the fine, and on the payment of such portion of said fine as should not be satisfied by imprisonment at said rate that Jones be discharged from custody. Jones gave notice of appeal. Thereafter a proposed statement on appeal was delivered to said police judge, but was returned by him to the attorney for the appellant, and was not filed, for the reason that it did not contain a true statement of the evidence produced at said trial.

Thereafter Jones filed in the superior court of Los Angeles County his petition for review. From the judgment of affirmance therein this appeal is taken. The affidavit of

his attorney filed therewith recites that after said proposed statement of appeal was returned to said attorney by said police judge said attorney prepared a new statement of appeal, incorporating therein the amendments proposed by said police judge, and returned the same to said police judge for signature, but that said police judge refused and still refuses to sign the same.

The return of said police judge to said writ of review recites the delivery to him of said first proposed statement, and his return then says, "that thereafter and up to the present time *no new or true statement of appeal has been filed.*" There is, therefore, a clear contradiction in the record as to that matter. It does not appear that any legal effort was made by *mandamus* or otherwise to compel said police judge to sign any statement on appeal. The appeal was never perfected.

The writ of review came on duly for hearing and was submitted to said superior court on briefs. Apparently no evidence was taken (for none is presented in the transcript herein). Both sides rely on the written record composed of the petition for the writ, the affidavits attached thereto, the writ itself and the return of the police judge, all of which are before us. Thereafter the superior court duly entered its judgment denying said petition and affirming the judgment of said police court. From that judgment of said superior court Jones appeals.

The appellant presents but one point with several subheads, as follows: (1) That the police court judgment was irregular and void for the following reasons: (a) Because at the trial the police judge exceeded his authority when he imposed the alternative penalty of imprisonment that in lieu of the payment of a fine the defendant should be imprisoned for three hundred days, appellant relying upon that portion of section 1205 of the Penal Code, as follows: "but the judgment must specify the extent of the imprisonment, which must not exceed one day for every two dollars of fine, nor extend in any case beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted." (b) That the return does not disclose "any evidence upon which the appellant was convicted of the crime charged, and hence the return does not certify the facts showing the court's

jurisdiction.'' (c) That the remedy through a writ of review has not been lost by failure to perfect the appeal.

We will discuss the points in the order above set forth.

█ ·Appellant's point (a) is clearly untenable. Section 1205 of the Penal Code has no application to proceedings in justices' or police courts. Section 1446 of the Penal Code is the one which applies. Under the latter section the judgment pronounced was one within the power of the police court. See *In re Kennerly,* 190 Cal. 774 [214 Pac. 857], where the question has been exhaustively discussed and determined by Mr. Justice Wilbur, and his opinion concurred in by the full court. (See, also, *In re Glavich,* 196 Cal. 723 [239 Pac. 708], *In re Kinney,* 53 Cal. App. 792 [200 Pac. 966], and *In re Adams,* 61 Cal. App. 239 [214 Pac. 469].)

█ Coming now to appellant's point (b) : ''The return to the writ constitutes the answer *as well as the evidence* and the case is heard thereon, *unless upon motion* an additional or amended return is made.'' (*Stumpf* v. *Supervisors,* 131 Cal. 364, 366 [82 Am. St. Rep. 350, 63 Pac. 663].) (Italics ours.)

█ ''The province of *certiorari* is to review the record of an inferior court, board, or tribunal, and to determine from the record whether such court, board, or tribunal has exceeded its jurisdiction. *The reviewing court is bound by the record, which must be taken as true.* If the contrary is the fact, it must be corrected by motion or suggestion to the court below. (*Roe* v. *Superior Court,* 60 Cal. 93.)'' (*Halpern* v. *Superior Court,* 190 Cal. 386 [212 Pac. 917].) (Italics ours.)

█ The rule to be applied in the instant case is well stated in the following language: ''The rule that when a court once obtains jurisdiction of the subject matter of an action, it then has jurisdiction to decide a question arising therein erroneously as well as correctly, has no application to a case where the very question to be determined is whether the court has the legal authority to hear and determine the matter before it. The rule simply means that *when the court has jurisdiction of the subject matter* of the action, and makes error during the course of the trial or *in its final decision, such error is correctible,* not through a jurisdictional writ, but *solely by appeal.* Obviously, if the

trial court is called upon to decide whether it has jurisdiction of the subject matter of the action and determines the question erroneously, or, having no jurisdiction, nevertheless claims it, it can be prevented from proceeding to exercise the usurped authority or, having exercised it, its action may be annulled and vacated by means of the remedy appropriate thereto." (*Rich* v. *Superior Court*, 31 Cal. App. 689, 694 [161 Pac. 291].) (Italics ours.)

It needs no citation of authority to show that the Police Court of the City of Alhambra had jurisdiction of the subject matter, to wit, a violation of subdivision 5 of section 647 of the Penal Code. That being so, the "jurisdictional" error *claimed* by appellant is that: "It appears from the return to the alternative writ that there was an entire absence of facts showing upon what basis of accusation or proof the offense of 'vagrancy' or 'lewd conduct' could be, or was, established. It is not sufficient to declare a citizen of California a vagrant, or a lewd person, without some proof to establish the assertion. We cannot indulge the conjecture. Nothing in the mentioned 'return' nor in the several purported statements of fact, as shown in the proposed appeal, cast any light upon the subject."

This is but another method of saying that the evidence was insufficient to sustain the judgment; in other words, that the court "has made an error during the course of the trial or in its final decision," but we are at once met with that portion of the rule just quoted, that "such error is correctible, not through a jurisdictional writ, but solely by appeal." (*Rich* v. *Superior Court, supra.*)

"Where a court is invested with jurisdiction to determine the question of the guilt or innocence of one charged with a public offense, as was the police court in this case, by the filing of the complaint and by acquiring jurisdiction over the person of the defendant, its determination on the question of guilt or innocence, whether based on sufficient evidence or not, is a determination arrived at in the exercise of its jurisdiction, and however erroneous it may be, it is not void for want of *power* in the court to render the decision. Invested with the jurisdiction to determine the matter, the court has the power to determine it wrongly upon the evidence as well as correctly, and, under our law, the defendant's only remedy in the event of an incorrect de-

cision is by appeal. On *certiorari*, as approvingly quoted in *Matter of Hughes, supra,* 'upon every question except the mere question of power, the action of the inferior tribunal is final and conclusive.' In such a case a claim of insufficiency of evidence to show guilt of the offense charged does not go to the *jurisdiction.* It has been said that 'an exception to the rule that the sufficiency of the evidence will not be reviewed is made when the question is whether jurisdictional facts were or were not proved.' (*Stumpf* v. *Board of Supervisors,* 131 Cal. 364, 367 [82 Am. St. Rep. 350, 63 Pac. 663]), that is, whether facts *upon which the jurisdiction of a board or inferior tribunal depends* were or were not proved. We have in our reports many decisions wherein this exception has been applied, the case in which this declaration was made being one, and the case of *Thrasher* v. *Board of Medical Examiners,* 44 Cal. App. 26 [185 Pac. 1006], relied on by petitioner, being another. But the exception has no application whatever to a tribunal invested with jurisdiction to try and determine a fact in issue, with reference to proof of that fact.' It is the fact to be determined by the court having *jurisdiction to determine it,* and the determination of such court thereon is not *void,* however defective the evidence upon which it is based. (See 15 Cor. Jur., p. 729, secs. 25 and 26.)'' (*Roberts* v. *Police Court,* 185 Cal. 65, 68, 69 [195 Pac. 1053].) (Italics as quoted.) See, also, *Halpern* v. *Superior Court, supra,* and *Fleming* v. *Superior Court,* 196 Cal. 344 [238 Pac. 88].

Hence, we conclude that the Police Court of the City of Alhambra had jurisdiction of the subject matter, and that the other questions raised by appellant under this point cannot be presented in this proceeding.

We will now discuss point (c). All questions raised by the appellant on this appeal could have been determined by an appeal to the superior court.

The jurisdiction of a police or justice's court to hear or determine any case may be settled by an appeal to the superior court. (*Hochheimer & Co.* v. *Superior Court,* 65 Cal. App. 206 [223 Pac. 564].)

Our Penal Code, sections 1466 to 1470, provides for such appeals.

Section 1068 of the Code of Civil Procedure governs the issuance of a writ of *certiorari.* ''From this provision it is

made manifest that *three concurring requisites are essential to the issuance of the writ of review,* viz.: 1. An excess of jurisdiction by the inferior tribunal, etc., exercising judicial functions; 2. That there is no appeal; 3. That there is no other plain, speedy, and adequate remedy. . . . That the writ will not lie under our statutes where there is a remedy by appeal is equally settled by the Code of Civil Procedure, and by the adjudications of this court." (Citing cases.) (*Noble* v. *Superior Court,* 109 Cal. 523, 526 [42 Pac. 155].) (Italics ours.)

"What is meant by the words 'there is no appeal,' is not an open question. It is settled that, if the law has provided for an appeal but the time for taking it has been suffered to elapse, the writ of *certiorari* cannot be resorted to as a substitute. (*Miliken* v. *Huber,* 21 Cal. 166; *Bennett* v. *Wallace,* 43 Cal. 25.)" (*Faut* v. *Mason,* 47 Cal. 7, 8.)

" 'The statute (Code Civ. Proc., sec. 1067) was intended to supply a remedy where none existed in the first instance.' (*Bennett* v. *Wallace,* 43 Cal. 25.) It was never intended that it should be substituted for an appeal. (*Faut* v. *Mason,* 47 Cal. 7.)" (*Valentine* v. *Police Court,* 141 Cal. 615, 617 [75 Pac. 336].)

In *Postal etc. Co.* v. *Superior Court,* 22 Cal. App. 770, 774 [136 Pac. 538], it was also said: "*It is not, of course, the consideration whether the petitioner takes advantage of the right of appeal, but whether the right of appeal exists in his favor that is decisive of the question.* For instance, he cannot allow the time for appeal to lapse and then successfully urge this circumstance as a legal justification for the writ of *certiorari.*" (Italics ours.)

We may well conclude this opinion with the following: "That the defendant might have appealed to the superior court from the . . . judgment there can be no question. And it is well settled that when an appeal may be taken resort cannot be had to a writ of review. The cases so holding are numerous and need not be cited." (*Tucker* v. *Justice's Court,* 120 Cal. 512, 514 [52 Pac. 808].) See, also, *Stuttmeister* v. *Superior Court,* 71 Cal. 322 [12 Pac. 270]; *Noble* v. *Superior Court,* 109 Cal. 523, 526 [42 Pac. 155]; *Elliott* v. *Superior Court,* 144 Cal. 506 [103 Am. St. Rep. 102, 77 Pac. 1109]; *Candeias* v. *Superior Court,* 51 Cal.

App. 128 [196 Pac. 86]; *Olcese* v. *Justice's Court,* 156 Cal. 82, 84 [103 Pac. 317]; *Hochheimer & Co.* v. *Superior Court, supra.*

It follows from the foregoing that the judgment appealed from must be, and it is hereby, affirmed.

Craig, Acting P. J., and Thompson, J., concurred.