[L. A. No. 13222. In Bank.—May 23, 1932.]

MARTIN A. LEACH, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Henry G. Bodkin, Archibald M. Johnson and Bodkin & Lucas for Petitioner.

U. S. Webb, Attorney-General, Ralph O. Marron, Deputy Attorney-General, Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondents.

CURTIS, J.—Petition for writ of prohibition directed to the Superior Court of the County of Los Angeles to restrain that court from issuing, or causing to be issued, a commitment based upon the conviction of the petitioner herein of a violation of the Corporate Securities Act. Upon conviction of the petitioner, he appealed from the judgment to the District Court of Appeal. That court affirmed the judgment in an opinion in which the facts in the case are set forth in detail. (*People* v. *Leach,* 106 Cal. App. 442 [290 Pac. 131].) After the rendition of said decision of the District Court of Appeal petitioner made an unsuccessful attempt to file in this court a petition for a hearing herein, but due to the fact that this petition was not filed within the time provided by the Constitution and statutes of the state, it was not considered on its merits. On the going down of the *remittitur* after decision of the District Court of Appeal, petitioner applied for probation and the same was granted as to all offenses of which he was

finally adjudged guilty, except as to count three of the indictment charging the petitioner with the violation of the Corporate Securities Act and count fourteen charging petitioner with the crime of grand theft. The judgment as to count fourteen was, by the trial court, made to run consecutively with the judgment based upon count three of said indictment. Petitioner now seeks by this proceeding to restrain the trial court from enforcing against him said judgment of conviction upon the charge of violating the Corporate Securities Act.

The principle contended for in this proceeding is not a novel one in so far as this court is concerned. In the early case of *Bennett* v. *Wallace,* 43 Cal. 25, a writ of *certiorari* was sought to review an appealable judgment of a court after the time for appeal had lapsed. In denying the petition the court said "It is not denied on the part of the petitioner that the final judgment and the orders of the District Court in question might have been examined here upon appeal taken in time for that purpose; but it is insisted that, as the time limited by statute for the taking of the appeal has been suffered to elapse, the case has thereby become one in which there is no appeal, and is thus brought within the terms of the statute referred to. This view is answered by the case of *Milliken* v. *Huber,* 21 Cal. 166. The statute was intended to supply a remedy where none existed in the first instance, and not to supplement one lost through the laches of the party himself. Writ dismissed."

The case of *Faut* v. *Mason,* 47 Cal. 7, was also a proceeding in *certiorari* to review and set aside a judgment after the time for appeal had passed. The county court granted the writ, but on appeal the order was reversed. The court, upon the authority of *Bennett* v. *Wallace, supra,* held that the statute providing for the remedy by writ of *certiorari* " 'was intended to supply a remedy where none existed in the first instance, and not to supplement one lost through the laches of the party himself' ". The court in *Faut* v. *Mason, supra,* on page 9, further said: "In this case defendants might have appealed from the judgment rendered against them by the Justice of the Peace, and have obtained any relief to which they were entitled. They let the time for taking an appeal go by without taking one, but that was

their fault, and they must bear whatever consequences it entails.''

In the more recent case of *Valentine* v. *Police Court*, 141 Cal. 615 [75 Pac. 336], the two cases just cited were approved and the principles of law enunciated therein were applied to proceedings in prohibition, as will appear from the following excerpts therefrom: ''It is . . . here urged that the ordinance upon which the prosecution was based was void for several different reasons, that the complaint filed in the police court did not state any offense, and that the judgments of the police court and the warrant based thereon are also void. All these questions were the proper subject of investigation and determination upon the appeal taken to the superior court. And it is not the purpose of the law that these same questions should be reinvestigated and redetermined by the supreme court or by any other court upon application for a writ of *certiorari* or prohibition, or upon an application for both of those writs. The writ of *certiorari* issues only in cases where there is no remedy by appeal. (Code Civ. Proc., sec. 1068; *White* v. *Superior Court*, 110 Cal. 54 [42 Pac. 471].) And this rule applies with equal force where the right of appeal has been lost by laches. (*Faut* v. *Mason*, 47 Cal. 7; *Bennett* v. *Wallace*, 43 Cal. 25.) It is equally clear that the rule continues to apply after the appeal has been heard and determined, as in this case adversely to appellants. 'The statute (Code Civ. Proc., sec. 1067) was intended to supply a remedy where none existed in the first instance.' (*Bennett* v. *Wallace*, 43 Cal. 25.) It was never intended that it should be substituted for an appeal. (*Faut* v. *Mason*, 47 Cal. 7.) It is also settled that prohibition cannot be resorted to where, as here, there is a plain, speedy, and adequate remedy by appeal.''

We quote also from the case of *Jones* v. *Police Court of Alhambra*, 86 Cal. App. 332, 338 [260 Pac. 919, 921], as follows: '' ' ''The statute (Code Civ. Proc., sec. 1067) was intended to supply a remedy where none existed in the first instance.'' (*Bennett* v. *Wallace*, 43 Cal. 25.) It was never intended that it should be substituted for an appeal. (*Faut* v. *Mason*, 47 Cal. 7.)' (*Valentine* v. *Police Court*, 141 Cal. 615, 617 [75 Pac. 336].) In *Postal etc. Co.* v. *Superior Court*, 22 Cal. App. 770, 774 [136 Pac. 538], it was also said 'It is not, of course, the consideration whether the petitioner

*takes advantage of the right of appeal, but whether the right of appeal exists in his favor that is decisive of the question.* For instance, he cannot allow the time for appeal to lapse and then successfully urge this circumstance as a legal justification for the writ of *certiorari.'* We may well conclude this opinion with the following: 'That the defendant might have appealed to the superior court from the . . . judgment there can be no question. And it is well settled that when an appeal may be taken resort cannot be had to a writ of review. The cases so holding are numerous and need not be cited.' ''

It is true that the case of *Jones* v. *Police Court of Alhambra, supra,* and some of the cases cited therein are cases involving the right to the writ of *certiorari* and not prohibition, but the same principles in the main govern the courts in their right to issue either the writ of prohibition or the writ of *certiorari.* In neither case should the writ issue where the petitioner therefor has had a right to appeal from the order or judgment in question, and has permitted his time to elapse without perfecting an appeal therefrom. Petitioner herein has cited us to a large number of authorities both from this state and from other jurisdictions wherein the writ of prohibition has been used to arrest an inferior tribunal from enforcing an order in excess of its jurisdiction and where an appeal would lie from said order, but these authorities are all cases in which either there was no appeal from the order complained of, or were cases in which the right to appeal might still be exercised in the future in case the writ were denied. We have been cited to no authority which gives to a party the right to review or restrain the execution of an appealable order after the right to appeal therefrom has expired.

Petitioner contends that as the sentence of imprisonment based upon the charge of violating the Corporate Securities Act must first be served by him before he can begin to serve time upon his conviction for grand theft we should issue the writ restraining the trial court from entering its judgment finding the petitioner guilty of violating the Corporate Securities Act, so that he may have the time served by him applied immediately thereafter upon his judgment of conviction of grand theft. There is no merit in this contention. If the petitioner should be imprisoned under a judg-

ment which is in part void, and in part valid, he would be entitled to his release after he had satisfied the valid portion of said judgment. (*In re Morck*, 180 Cal. 384 [181 Pac. 657]; *In re Rosencrantz*, 205 Cal. 534, 541 [271 Pac. 902].)

It might be appropriate to here state that petitioner has before this court a petition for a writ of *habeas corpus* in which he contends that the judgment of conviction against him is void *in toto*, not only as to the charge of violating the Corporate Securities Act, but also upon the charge of grand theft. In that proceeding it will become necessary for us to pass upon the validity of the judgment under which the defendant is now suffering imprisonment for the violation of the Corporate Securities Act. The fact that the petitioner has this remedy by *habeas corpus* is a complete answer to his petition for a writ of prohibition. The latter writ is issued only "where there is not a plain, speedy, and adequate remedy in the ordinary course of law". (Code Civ. Proc., sec. 1103.) The writ of *habeas corpus* is a remedy provided by law and there can be no question but that it meets the requirements of the section in being "plain, speedy and adequate". Upon this ground, as well as those stated in the previous portions of this opinion, petitioner's application for a writ of prohibition is denied.

Preston, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.