This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

       Plaintiff-Appellee,

**v.**                                     **No. 36,200**

**LANCIE REALIVASQUEZ,**

       Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Briana H. Zamora, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

The Law Office of Ramsey & Hoon, LLC
Twila A. Hoon
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Defendant appeals from the district court's judgment in an on-record appeal, affirming the metropolitan court's sentencing order that convicted Defendant for his first offense DWI pursuant to a conditional plea. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant filed a memorandum in opposition to our notice. We remain unpersuaded and therefore affirm.

{2}     On appeal, Defendant challenges the lawfulness of his arrest, as he did in both the metropolitan and district courts, contending that the officer lacked probable cause to support the seizure and de facto arrest. [RP 84-85; DS 10; MIO 3-4] This appeal has been pursued under the demands of *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982; and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1. [DS 10; MIO 4] To the extent Defendant maintains that the seizure should be reviewed as a "felony stop," Defendant does not explain how it would change the analysis or result. Our notice proposed to hold that the officer had probable cause to arrest Defendant based on his refusal to obey the officer's lawful and reasonable commands. [CN 3] Thus, there is no need to engage in a dispute over the precise nature of the seizure.

{3}     In response to our notice, Defendant contends that the officer's testimony amounted to a hunch and did not support the officer's concern for his safety, which

lead to the more intrusive seizure. [MIO 6-7] We are not persuaded. The record shows that Defendant engaged in dangerous and erratic conduct: Defendant drove too fast through a parking lot, peeled out during a U-turn taken too fast, ran two stop signs, accelerated when the officer turned on his siren and lights, and then came to an abrupt stop. [RP 109-10] After stopping, Defendant did not follow the officer's repeated instructions to drop the car keys on the ground and keep both hands outside the driver's window; and the officer could not see inside the car, due to the tinted windows at nighttime. [RP 110-11] After the twelfth command, the officer drew his gun at the car. [Id.] A few minutes later, Defendant exited the car and walked to the back of it, as instructed. [RP 111] The officer (with back-up officers) handcuffed Defendant and placed him in the back of the one of the patrol cars. [Id.] We are persuaded that the officer's actions amounted to reasonable, precautionary measures in response to reasonable fears that simply permitted the officer to conduct a safer investigatory detention. [RP 113-15] *See, e.g.*, *State v. Lovato*, 1991-NMCA-083, ¶ 26, 112 N.M. 517, 817 P.2d 251 ("Even in routine traffic stops, police may adopt precautionary measures addressed to reasonable fears[,]") We will not require probable cause to justify those precautionary measures when "the level of intrusion" is reasonable and appropriate for the level of danger posed, in conducting an investigatory detention. *see id.* ¶ 27.

{4}     As we further explained in our notice, we believe the officer not only acted reasonably with respect to the heightened level of self-protection used, but that the officer also had probable cause to arrest Defendant for refusing to obey the officer's lawful and reasonable commands. [RP 115-17] *See State v. Maez*, 2009-NMCA-108, ¶ 24, 147 N.M. 91, 217 P.3d 104 (holding that officer had probable cause to arrest the defendant based on his refusal obey or comply with the orders of a police officer in violation of NMSA 1978, Section 30-22-1(B) (1981)). Defendant distinguishes *Maez* on the basis that the officer in the current case did not conclude, and the facts do not establish, that Defendant had committed the crime of failure to obey, and nor was he charged with that offense. [MIO 9-10] We are not persuaded. In *Maez*, the defendant spontaneously and without provocation ran away from his vehicle during an attempted traffic stop; the officer chased the defendant and repeatedly shouted, "Police, stop," and the defendant kept running. *Id.* ¶¶ 2-6, 24. We held that the officer had probable cause to arrest the defendant for evading or resisting. *Id.* ¶ 25. Although the facts of *Maez* may support a violation of a different form of resisting an officer; namely, fleeing, the facts are sufficiently analogous. Further, as we observed in *Maez*, "[p]robable cause does not require that an officer's belief be correct or more likely true than false." *Id.* ¶ 24 (internal quotation marks and citation omitted). Also, our probable cause analysis is not affected by what an officer subjectively believed or

4

whether a defendant was charged with an offense that justified the arrest. *See, e.g.*, *State v. Ochoa*, 2004-NMSC-023, ¶ 9, 135 N.M. 781, 93 P.3d 1286 ("[P]robable cause must be evaluated in relation to the circumstances as they would have appeared to a prudent, cautious and trained police officer." (internal quotation marks and citation omitted)). We remain persuaded that the officer had probable cause based on Defendant's refusal to comply with the officer's lawful commands.

{5}    Lastly, we address Defendant's statements regarding his right to appellate review. [MIO 3] Defendant's comments seem to imply that he has not or will not be afforded the appropriate scrutiny of our three-panel appellate review where we base the disposition of appeals on reasons given in the district court's memorandum opinions. We remind Defendant that a single judge authors all calendar notices, and then the appellants have an opportunity to respond. Thereafter a three-judge panel reviews the appeals and participates in considering and drafting the opinions. This Court dutifully reviews all appeals and issues before it and reaches its own conclusions, regardless of the procedural mechanisms by which appeals come to this Court. As we routinely explain in the cases that come before us from on-record appeals, we avoid the duplication of efforts where there is no reason to expend judicial resources to restate a thorough opinion of a court sitting as we do in an appellate capacity that reaches a result with which we agree for the same reasons we would

5

state. This Court will deviate from district court opinions where we see fit. We encourage counsel for future docketing statements to focus on pointing out errors in both metropolitan court decisions and in the consistently thorough district court memorandum opinions that come before us from on-record appeals, in order to take full advantage of our responsive calendaring process.

{6}     For the reasons stated in our notice and in this opinion, we affirm Defendant's conviction

{7}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**M. MONICA ZAMORA, Judge**